JUDGE DANIELS

Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
200 West 57th Street, Suite 900
New York, New York 10019
212-425-2600

11 CIV 4316



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

DIANA URIBE, *Individually And On Behalf Of All Other*
*Persons Similarly Situated,*

                                   *Plaintiff,*

           -against-

WOMEN BY PETER ELLIOT, LTD,
ISABELLE MCNALLY, *Individually*, and
ELIOT RABIN, *Individually,*

                                  *Defendants.*

------------------------------------------------------------------------X

Civ. No.:

**COLLECTIVE ACTION
COMPLAINT**

**PLAINTIFF HEREBY
DEMANDS A TRIAL
BY JURY**

       Plaintiff, DIANA URIBE, individually and on behalf of all other persons similarly situated, by and through her attorneys, THE HARMAN FIRM, P.C., alleges as follows:

## NATURE OF ACTION

       1.    Plaintiff alleges, on behalf of herself and other similarly situated current and former employees of the Defendants who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

       2.    Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former employees of the Defendants, pursuant to Fed.R.Civ.P. 23, that they

are entitled to back wages from Defendants for overtime work for which they did not receive overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and liquidated damages pursuant to the New York Labor Law.

## VENUE AND JURISDICTION

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Defendants maintain sufficient contacts with the Southern District of New York to make venue appropriate in this Court pursuant to 28 U.S.C. § 1391.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff, DIANA URIBE ("URIBE"), was at all relevant times, an adult individual, residing in the State of New Jersey, County of Hudson.

7.      Upon information and belief, WOMEN BY PETER ELLIOT, LTD. ("PETER ELLIOT"), the defendant herein, at all times hereinafter mentioned, is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York, with offices located at 1070 Madison Avenue, New York, NY 10028.

8.      That at all times relevant hereto, Defendant PETER ELLIOT operates, manages and/or owns "Peter Elliot Blue," a clothing store located at 997 Lexington Avenue, New York,

New York 10021.

9.     Defendant ELIOT RABIN ("RABIN"), at all time herein mentioned, was and is an individual residing in the State of New York.

10.    Defendant RABIN, at all times herein mentioned, was and still is the "President/Owner" of Defendant PETER ELLIOT.

11.    Defendant RABIN, at all times herein mentioned, had supervisory authority over Plaintiffs URIBE.

12.    Defendant ISABELLE MCNALLY ("MCNALLY"), at all time herein mentioned, was and is an individual residing in the State of New York.

13.    Defendant MCNALLY, at all times herein mentioned, was and still is an employee of Defendant PETER ELLIOT.

14.    Defendant MCNALLY, at all times herein mentioned, was and still is the "General Manager" of "Peter Elliot Blue."

15.    Defendant MCNALLY, at all times herein mentioned, had supervisory authority over Plaintiffs URIBE.

16.    Defendant PETER ELLIOT, Defendant MCNALLY, and Defendant RABIN are collectively referred to herein as "Defendants."

17.    Upon information and belief, Defendants acted intentionally and maliciously, are "employers" pursuant to the FLSA, 20 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder, and thus, all Defendants are jointly and severally liable.

18.    Defendants, either directly or indirectly, controlled Plaintiff URIBE's work schedules and conditions of employment, determined the rate and method of payment, and kept

at least some records regarding her employment.

## THE FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. § 207, Plaintiff URIBE seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since June 17, 2008 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid overtime compensation at rates not less than one and one-half times the regular rate of pay for hours works in excess of forty (40) hours per workweek (the "Collective Action Members").

20.     This collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons in unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are numerous Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, assess to attorneys or knowledge of their claims.

21.     Plaintiff URIBE will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff URIBE has no interest that is contrary to or in conflict with those members of this collective action.

22.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the

4

members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

23.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff URIBE and other Collective Action Members are:

a.     Whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b.     What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.     Whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where the Collective Action Members are employed, in violation of C.F.R. § 516.4;

d.     Whether Defendants failed to pay the Collective Action Members overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereafter;

e.     Whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f.     Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g.     Whether Defendants should be enjoined from such violations of the FLSA in the future.

24.     Plaintiff URIBE knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## THE RULE 23 CLASS ACTION ALLEGATIONS

25.     Plaintiff URIBE also brings this action on behalf of herself and all other persons similarly situated pursuant to Rule 23(b)(1), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

26.     Plaintiff URIBE brings her New York Labor Law claims on behalf of all persons who were employed as "sales people" by Defendants at any time since June 17, 2005, to the entry of judgment in this case (the "Class Period"), who were classified by Defendants as exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

27.     As the members of the Class are numerous and of an unknown number, joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are numerous members of the Class during the Class Period.

28.     The claims of Plaintiff URIBE are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate

defendant.

29.     Defendants have acted or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

30.     Plaintiff URIBE is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

31.     Plaintiff URIBE has the same interests in this matter as all other members of the Class and Plaintiff URIBE's claims are typical of the Class.

32.     There are common questions of law and fact affecting all members of the Class which predominate over any questions only affecting the individual members of the Class, including but not limited to:

     a.      Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

     b.      Whether Defendants' sales people were improperly and uniformly classified as exempt in violation of the New York Labor Law;

     c.      What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

     d.      Whether Defendants failed and/or refused to pay the members of the Class premium pay for hours worked in excess of forty (40) hours per workweek within the meaning of the New York Labor Law;

     e.      Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

     f.     Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

33.     This action is maintainable as a class action under Fed.R.Civ.P. 23(b)(2), since the unlawful actions of Defendants, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

34.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(1)(A), as the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants who oppose the Class.

35.     Alternatively, this action is maintainable as a class action under Fed.R.Civ.P. 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversies between the parties. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedure that violate the New York Labor Laws.

## FACTUAL ALLEGATIONS

36.     On or about May 30, 2005, Plaintiff URIBE began working for Defendant PETER ELLIOT at "Peter Elliot Blue" as a "Sales Associate," with a salary of $35,000.00 per year.

37.     As a "Sales Associate," Plaintiff URIBE's job duties were to sell merchandise and assist store customers.

47.     While Plaintiff URIBE has brought this overtime issue to Defendant RABIN's and Defendant MCNALLY's attention on numerous occasions, Defendants have continually ignored her requests, and to date, are still failing to properly compensate her.

48.     Moreover, Defendants are now retaliating against Plaintiff URIBE by taking away her responsibilities and ignoring her, sometimes refusing to even acknowledge her presence while at work.

49.     In addition, although agreeing to do so, Defendants have also failed to reimburse Plaintiff URIBE for all travel expenses incurred as an employee of Defendant PETER ELLIOT, in the amount of $2,850.00.

50.     Throughout Plaintiff URIBE's tenure with Defendants and, upon information and belief, both before that time and continuing until today, Defendants have likewise employed other Sales Associates like Plaintiff URIBE (the Collective Action Members/the Class).   Like Plaintiff URIBE, they too do not have the authority to hire and fire other employees, and they are not responsible for making hiring and firing recommendations.

51.     In fact, Plaintiff URIBE is aware of other similarly situated employees of Defendants who were also employed as Sales Associates and who were denied overtime compensation.   However, these employees have expressed great hesitancy to come forward due to fear of retaliation.

52.     Such individuals have worked in excess of forty (40) hours a week, yet Defendants have likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, in violation of the FLSA and the New York Labor Law.

53.     As stated, the exact number of such individuals is presently unknown, but is within the sole knowledge of Defendants and can be ascertained through appropriate discovery.

54.    During the course of Plaintiff URIBE's own employment, and while Defendants employed Plaintiff URIBE and the Collective Action Members/the Class, Defendants failed to maintain accurate and sufficient time records.

55.    Defendants knew the nonpayment of overtime would economically damage Plaintiff URIBE and violate Federal and New York State labor laws.

56.    Plaintiff URIBE's performance is, upon information and belief, above average during the course of her employment with Defendants.

57.    Defendants violated the FLSA and New York State Laws by not paying Plaintiff URIBE the required minimum hourly wage rate.

58.    Defendants violated the FLSA and New York State Laws by not paying Plaintiff URIBE for overtime work as required.

59.    **Defendants' failure to pay Plaintiff URIBE the proper wages required by law was and is willful**.

60.    Defendants violated the FLSA by retaliating against Plaintiff URIBE for attempting to exercise her rights under the FLSA and opposing Defendants' unlawful practices.

61.    Defendants violated the laws of the State of New York by retaliating against Plaintiff URIBE for attempting to exercise their rights under the laws of the State of New York.

62.    Throughout all relevant time periods, upon information and belief, Defendants failed to post in a conspicuous place at the workplace and/or to keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

63.    Throughout all relevant time periods, upon information and belief, Defendants failed to maintain accurate and sufficient time records of the regular and overtime hours Plaintiff URIBE worked.

64.     Defendants failed to furnish Plaintiff URIBE with statements containing her pay and hour information.

65.     Defendants deprived Plaintiff URIBE of any information or understanding of her rights under federal minimum wage and overtime laws, and state minimum wage and overtime laws.

66.     Plaintiff URIBE will seek leave of this Court for an Order permitting a formal notice to be sent to potential class members and to establish the opt-in procedures by authorization of the Court.

67.     Plaintiff URIBE will also move the Court to order Defendants to produce the names and addresses of those who should receive the notice, namely, similarly situated current and former sales people of Defendants.


## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Failure to Pay Minimum Wage & Overtime

68.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

69.     Upon information and belief, at all relevant times, Defendants have had annual gross revenues in excess of $500,000.

70.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

71.     At all relevant times, Defendants employed, and/or continued to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

72.     At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the

meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

73.    Defendants willfully employed Plaintiff in the afore-mentioned enterprise and failed to compensate Plaintiff at the required minimum hourly rate for her employment.

74.    Defendants' failure to pay Plaintiff the mandated minimum hourly pay was a direct violation of the FLSA, specifically 29 U.S.C. §206.

75.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to its sales people for their hours worked in excess of forty (40) hours per workweek.

76.    As a result of Defendants' willful failure to compensate its sales people, including Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

77.    As a result of Defendants' failure to record, report, credit and/or compensate its sales people, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

78.    The forgoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

79.    At all relevant times, Defendants acted in reckless disregard of the applicable provisions of the FLSA and the regulations of the U.S. Department of Labor.

80.    Due to Defendants' willful violation of the FLSA, Plaintiff, on behalf of herself

and the Collective Action Members, is entitled to recover from Defendants, their unpaid minimum wage, overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonable delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### Fair Labor Standards Act – Retaliation

81.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

82.    29 U.S.C. § 215 prohibits an employer from discharging or discriminating against an employee for exercising rights under the FLSA.  Specifically, it is illegal to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee; 29 U.S.C.A. § 215.

83.    Defendants retaliated against Plaintiff because she complained about Defendants not paying their rightful overtime wages.

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Pay Minimum Wage

84.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

85.    Plaintiff was an employee of Defendants within the meaning of New York Labor Law.

14

86.     Defendants failed to pay Plaintiff the required minimum hourly wage rate for one hour of work.

87.     Defendants violated Plaintiff's rights to minimum wage pay under § 652(1); New York Labor Law, Article 19.

88.     Defendants also violated New York's Minimum Wage Order of 12 NYCRR Part No. 142.

89.     On account of such violations, Defendants are liable to Plaintiff for actual, statutory and liquidated damages.

90.     Defendants' actions were willful.

91.     Defendants' failure to comply with the New York State Labor Law and New York's Minimum Wage Order caused Plaintiff to suffer loss of wages.

**FOURTH CAUSE OF ACTION**
**New York State Labor Law – Failure to Pay Overtime & Retaliation**

92.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

93.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

94.     Defendants violated Plaintiff's right to overtime pay under Title 12 NYCRR 142-2.2.

95.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of New York State Labor Law and its applicable regulations.

15

96.     Defendants also willfully failed to pay Plaintiff a premium/additional amount for hours worked in excess of ten (10) hours per day.

97.     Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds ten (10) hours (12 NYCRR § 142-2.4).

98.     Plaintiff also claims unlawful retaliation under New York State Labor Law.

99.     Defendants' New York State Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

100.    Due to Defendants' New York State Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1).

## FIFTH CAUSE OF ACTION
## New York Labor Law- Failure to Keep Employee Records

101.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

102.    Defendants failed to keep employee-specific records documenting, *inter alia,* actual hours worked in each week, in violation of New York Labor Law § 661 and 12 NYCRR 142-2.6.

103.    Defendants failed to furnish statements with pay and hour information to Plaintiff, in violation of 12 NYCRR 142-2.7.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Post Notice

104.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

105.    Defendants failed to post any notice summarizing the employee's rights in a conspicuous place at the workplace in violation of 12 NYCRR 142-2.8, thereby depriving Plaintiff of any information or understanding of her rights under state minimum wage and overtime laws.


## JURY DEMAND

106.    Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues raised in this action.

17

**WHEREFORE**, Plaintiff, on behalf of herself and all other similarly situated Collective Action Members and members of the Class, respectfully requests that this Court grant the following relief:

    a.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and her counsel to represent the Collective Action Members;

    b.  Certification of this action as a class action pursuant to Fed.R.Civ.P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

    c.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

    d.  An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

    e.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

    f.  An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to New York Labor Law;

h.   An award of prejudgment and postjudgment interest;

i.   An award of costs and expenses of this action together with reasonable attorneys' fees; and

j.   Such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            June 21, 2011

                                    By:   _Walker Harman_

                                          Walker G. Harman, Jr., Esq. [WH-8044]
                                          THE HARMAN FIRM, P.C.
                                          *Attorneys for Plaintiff*
                                          200 West 57th Street, Suite 900
                                          New York, New York 10019
                                          212-425-2600

19